Ruffin, C. J.
 

 Heath was the tenant in possession of the premises and the declaration was served on him, and Loftis was admitted without objection to defend with him ; and thus entered into the general rule and pleaded.not guilty. The plaintiff gave in evidence a grant for the premises to 'one Reed in 1797, and thén gave further in evidence a lease in writing, from the lessor of the plaintiff dated November, 1845, whereby the premises were let to Heath for the year 1846, on a rent of $3 and certain repairs, and then,gave evidence, that Heath was in possession through the year 1846, and up to the bringing of this action in March, 1849. ' The defendant then offered in evidence a grant from the State for the premises, made in 1828, to two persons, who afterwards conveyed to John Baxter in fee, and that prior to 1845 Baxter leased them to Heath in writing, for a rent of fifty cents for each year Heath should occupy, and that Heath entered and was occupying under Baxter, when he accepted the lease for 1846 from Freeman. The defendant also offered to prove, that, in 1847, Baxter brought an ejectment against Heath for the premises, and that Heath did not appear therein, and judgment was taken against the casual ejector, and a writ of possession issued thereon and was delivered to the Sheriff, who attended with Baxter on the premises, for the purpose of executing it, but did not execute it, because Heath submitted to Baxter, as being in possession, and then accepted from him another lease in writing for the premises, dated September 6, 1847, at a rent of fifty cents, and obliging him to surrender possession to Baxter, his heirs or assigns on request, and that afterwards Baxter conveyed to Loftis. To the defendant’s evidence the counsel for the plaintiff objected, on the ground, that the defendant
 
 *500
 
 was estopped to deny the title of his lessor Freeman, but the Court overruled the objection and received the evidence, and, upon it, instructed the jury to find for the defendant. From a verdict and judgment accordingly the plaintiff appealed.
 

 There were several questions made at the time, but, as that, upon the question of estoppel is decidedly for the plaintiff, no other need be considered. The general rule is, that a lessee cannot deny his lessor’s title’, until he is discharged from the estoppel, arising out of his lease and .possession, by yielding up the possession to his lessor.
 
 Smart
 
 v.
 
 Smith,
 
 2 Dev. 258. He cannot enable himself to resist his landlord, by merely leaving the premises, and then, before the landlord gets in, going back into possession under spme other claim of title; for that is plainly incompatible with the lessor’s right to have back the possession from the tenant, which the latter engaged to restore The great principle, indeed, is not disputed by the defendant, but it is contended, that the particular circumstances here of the prior lease by Baxter and his recovery in ejectment and Heath’s acceptance of another lease from him made this an exception, within
 
 Jordan
 
 v.
 
 March,
 
 9 Ire. 231. That, however, is not so considered by the Court. The case cited turned on its particular circumstances, which were very special, as mentioned in the subsequent cases of
 
 Lyerly
 
 v.
 
 Wheeler,
 
 11 Ire. 288,
 
 Grandy
 
 v.
 
 Baily,
 
 13 Ire, 221, in the latter of which that case is particularly explained. There are marked differences between it and the present. In an action by a purchaser under execution against the defendant, the latter is only restrained from denying that he had some title, while a lessee is obliged, not only not to deny his lessor’s title, but also to surrender the possession to him when required, after the expiration of the lease. Besides these the defendant in the execution accepted a lease from the probable
 
 *501
 
 purchaser, who in fact had the title ; whereas here neither Freeman nor Baxter had the title, but it was in Reed or those claiming under him, with whom neither of those parties showed any connection, each of them claiming against Heath merely upon the estoppel arising out of the several leases he accepted from them respectively, and the estoppel, as between him and one of them was not impaired by that between him and the other, he being equally estopped as to each.
 
 Grandy
 
 v.
 
 Bailey.
 
 The only way in which Baxter could have got rid of the effect of the es-toppel to Freeman was, to have turned Heath out actually, so that his own possession or that of another tenant would not have been derived from Freeman, nor connected with one that was so derived. As long as Freeman can bring his action against Heath, as the person in possession he can insist upon the estoppel on him as his lessee.
 

 Per Curiam. Judgment reversed and
 
 venire de novo.